UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

IN RE: DePUY ORTHOPAEDICS, INC.
ASR HIP IMPLANT PRODUCTS
LIABILITY LITIGATION

MDL No. 1:10-md-2197

**SHORT FORM COMPLAINT FOR DePuy ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

---

This applies to:

WILLIAM HAASE and KATHRYN C. HAASE

**JURY TRIAL DEMAND**

v.

DEPUY ORTHOPAEDICS, INC., et al.

---

WILLIAM HAASE and KATHRYN C. HAASE, H/W

                       Plaintiff(s),

   -against-

DePUY ORTHOPAEDICS, INC., DEPUY INC., DEPUY INTERNATIONAL LIMITED, JOHNSON & JOHNSON, JOHNSON & JOHNSON SERVICES, INC. JOHNSON & JOHNSON INTERNATIONAL,

                       Defendants

---

**ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

1.     Plaintiffs, William Haase and Kathryn C. Haase, state and bring this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled <u>IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY</u>

LITIGATION, MDL No. 2197. Plaintiffs are filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

## ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in the Northern District Court of the State of Illinois. Plaintiffs state that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiffs would have filed in the Northern District Court of the State of Illinois. Therefore, Plaintiffs respectfully request that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3. Plaintiff William Haase is a resident and citizen of Lake Villa, Lake County, Illinois and claims damages as set forth below. Plaintiff's Spouse Kathryn C. Haase, is a resident and citizen of Lake Villa, Lake County, Illinois, and claims damages as a result of loss of consortium. *[Cross out Spousal Claim if Not Applicable]*

4. Plaintiff was born on 8/30/1961.

5. ~~Plaintiff is filing this case in a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. *[Cross out if Not Applicable]* A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

Plaintiff claims damages as a result of:

   __X__  injury to himself

   ____  injury to the person represented

   ____  wrongful death

   ____  survivorship action

   __X__  economic loss

   __X__  loss of services

   __X__  loss of consortium

**ALLEGATIONS AS TO INJURIES**

6. Plaintiff was implanted with a DePuy ASR hip implant on his LEFT hip on or about January 14, 2009 at the Glenbrook Hospital, Skokie, Illinois, by Dr. James Kudrna.

7. ~~Plaintiff was implanted with a DePuy ASR hip implant on his/her _____ hip on or about _____ (date) at the _____ (medical center), in _____, _____, by Dr. _____.~~ *[Cross out if not bilateral ASR hips]*

8. On or about December 2017, Plaintiff suffered the following personal and economic injur(ies) as a result of the implantation with the ASR hip implant: toxic cobalt and chromium metal ions and particles were released into plaintiff's blood, tissue and bone surrounding the implant, severe pain and discomfort and inflammation in and around his implant. Difficulty walking for short distances and standing for long periods.

9. Plaintiff had the Depuy ASR hip implant explanted on January 3, 2019, at Skokie Hospital, 9600 Gross Point Road, Skokie, Illinois (medical center and address) by Dr. Anand Srinivasan ~~or Plaintiff will be having the _____ ASR hip explanted on or about _____, or Plaintiff has not yet scheduled an explanation of the ASR hip implant.~~ *[Cross out inapplicable sections]*

10. ~~Plaintiff had the _____ ASR hip implant explanted on _____, at _____ (medical center and address) by Dr. _____ or Plaintiff will be having the _____ ASR hip explanted on or about _____.~~

11. Plaintiff(s) has suffered injuries as a result of the implantation and explantation of the DePuy ASR hip implant manufactured by defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and are incorporated by reference herein.

12. At the time of implantation with the ASR hip implant, the Plaintiff resided at 4430 Sypurs Circle, Lake Villa, IL 60046.

13. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

14. The plaintiff could not have known that the injuries he suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and the plaintiff came to learn of the recall.

15. The plaintiff could not have known that he was injured by excessive levels of chromium and cobalt until after the date he/she had his blood drawn and he was advised of the results of said blood-work.

16. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress *(if applicable)* and for economic loss as well as punitive damages.

**ALLEGATIONS AS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

17. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference.

   __X__   FIRST CAUSE OF ACTION
             (NEGLIGENCE);

   __X__   SECOND CAUSE OF ACTION
             (NEGLIGENCE PER SE);

   __X__   THIRD CAUSE OF ACTION
             (STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN);

   __X__   FOURTH CAUSE OF ACTION
             (STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT);

   __X__   FIFTH CAUSE OF ACTION
             (STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

   __X__   SIXTH CAUSE OF ACTION
             (BREACH OF EXPRESS WARRANTY);

   __X__   SEVENTH CAUSE OF ACTION
             (BREACH OF WARRANTY AS TO MERCHANTABILITY)

   __X__   EIGHTH CAUSE OF ACTION
             (BREACH OF IMPLIED WARRANTIES);

   __X__   NINTH CAUSE OF ACTION
             (FRAUDULENT MISREPRESENTATION);

__X_    TENTH CAUSE OF ACTION
        (FRAUDULENT CONCEALMENT)

__X_    ELEVENTH CAUSE OF ACTION
        (NEGLIGENT MISREPRESENTATION)

__X_    TWELFTH CAUSE OF ACTION
        (FRAUD AND DECEIT)

__X_    THIRTEENTH CAUSE OF ACTION
        (UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

__X_    FOURTEENTH CAUSE OF ACTION
        (MISREPRESENTATION BY OMISSION);

__X_    FIFTEENTH CAUSE OF ACTION
        (CONSTRUCTIVE FRAUD);

__X_    SIXTEENTH CAUSE OF ACTION
        (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

__X_    SEVENTEENTH CAUSE OF ACTION
        (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

__X_    EIGHTEENTH CAUSE OF ACTION
        (GROSS NEGLIGENCE/MALICE);

__X_    NINETEENTH CAUSE OF ACTION
        (LOSS OF CONSORTIUM)

__X_    TWENTIETH CAUSE OF ACTION
        (PUNITIVE DAMAGES

__X_    TWENTY-FIRST CAUSE OF ACTION
        (MEDICAL MONITORING)

__X_    TWENTY-SECOND CAUSE OF ACTION
        (VIOLATION OF APPLICABLE STATE CONSUMER FRAUD STATUTE) –
        **SPECIFY THE STATUTE ALLEGED** The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505.

__X_    TWENTY-THIRD CAUSE OF ACTION
        (RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT)

PLAINTIFF(S) ASSERT(S) THE FOLLOWING ADDITIONAL STATE CAUSES OF ACTION:

_____

_____

_____

_____

_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys'' fees and costs;

6. For prejudgment interest and the costs of suit; and

7. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated: March 15, 2019

Respectfully submitted,

/s/ Thomas V. Ayala
Thomas V. Ayala (PA Bar No. 93130)
Stephanie R. Riley (DE Bar No. 5803)
**GRANT & EISENHOFER, PA**
123 Justison Street
Wilmington, DE  19801
Tel:  302-622-7000
Fax:  302-622-7100
tayala@gelaw.com
sriley@gelaw.com

Attorneys for Plaintiffs